UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRIS CARLSON, individually and on behalf of all persons similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC., a foreign corporation; and THE HOME DEPOT, INC., a foreign corporation,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:20-cv-1150<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>*[King County Superior Court Case No. No. 20-2-10496-5 SEA]* |

TO: The Honorable Judges of the United States District Court for the Western District of Washington at Seattle

PLEASE TAKE NOTICE that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441, 1446, and 1453, Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. (together, "The Home Depot") remove to this Court the above-styled class action, which is currently pending as Case No. 20-2-10496-5 SEA in the Superior Court for the State of Washington for the County of King ("King County Superior Court"). As the grounds for removal, The Home Depot states as follows:

**BACKGROUND**

1. On June 26, 2020, Plaintiff Chris Carlson ("Plaintiff") filed a Class Action Complaint for Damages ("Complaint") against The Home Depot in King County Superior Court,

NOTICE OF REMOVAL - 1
CASE NO. 2:20-CV-1150

106666.1067/8109215.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

captioned *Carlson v. Home Depot U.S.A., Inc., et al.* (Case No. 20-2-10496-5 SEA) ("Action"). A true and correct copy of the Complaint is attached hereto.

2. A copy of the Complaint and Summons was served on The Home Depot on June 29, 2020. (Declaration of Michelle Rustvold (hereinafter "Rustvold Decl."), ¶ 2) True and correct copies of the Summons and Proof of Service are attached hereto as **Exhibit 1**.

3. The Complaint asserts that Plaintiff and putative class members have brought this action to recover alleged unpaid wages; exemplary double and treble damages; attorneys' fees, costs, and expenses; and prejudgment interest. Complaint, ¶ 7.

4. Plaintiff alleges generally that The Home Depot has failed to ensure that in-store supervisors and specialists are provided rest breaks and meal periods as required by Washington law. Complaint, ¶¶ 4.6-4.9. Plaintiff also alleges that The Home Depot has failed to pay supervisors and specialists additional compensation when they miss, cut short, or take late a rest break or meal period. *Id.* at ¶ 4.10.

5. Plaintiff asserts three claims for relief: (i) willful withholding of wages under the Washington Wage Rebate Act ("WRA"), RCW 49.52.050 & .070, based on The Home Depot's alleged failure to provide full, timely meal periods; (ii) willful withholding of wages under the WRA, based on The Home Depot's alleged failure to provide full, timely rest breaks; and (iii) violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.*, based on The Home Depot's alleged "pattern and practice" of manipulating class member time records to conceal missed meal breaks. Complaint, ¶¶ 6.1-8.3.

6. In connection with these claims, Plaintiff seeks damages for his and the putative class members' alleged lost wages in an amount to be proven at trial; exemplary double damages in amounts equal to double wages allegedly due to Plaintiff and the putative class members under the WRA, RCW 49.52.070; treble damages under the CPA, RCW 19.86.090; attorneys' fees, costs, and expenses under RCW 49.46.090, RCW 49.48.030, RCW 49.52.070 (WRA), and RCW 19.86.090 (CPA); and prejudgment interest. Complaint, 7.

///

NOTICE OF REMOVAL - 2
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

106666.1067/8109215.1

**PROCEDURAL REQUIREMENTS**

7. <u>Venue</u>. This Court is in the judicial district and division embracing the place (King County, Washington) where the state court case was brought and is pending. Thus, it is the proper district court for removal. *See* 28 U.S.C. §§ 1441(a), 1446(a). In addition, because Plaintiff has alleged his claims arose in Federal Way, Washington, which is in King County, venue is proper in the Western District of Washington at Seattle. *See* Local Civil Rule 3(e)(1).

8. <u>Removal is timely</u>. Plaintiff served The Home Depot on June 29, 2020, through its statutory agent, CSC. (Rustvold Decl., ¶ 2)  This Notice of Removal is timely in that it is being filed within thirty (30) days of Defendants' receipt of service of process of the summonses and the Complaint on June 29, 2020. *See* 28 U.S.C. § 1446(b).

9. <u>Notice</u>. Concurrently with the filing of this Notice of Removal, The Home Depot is giving written notice of removal to Plaintiff, and filing a copy of this Notice of Removal with the Clerk of the King County Superior Court, pursuant to 28 U.S.C. § 1446(d).

10. <u>Pleadings and Process</u>.  True and correct copies of the pleadings on file in the State Court Action, including a current docket sheet, are attached as **Exhibit 1**. *See* 28 U.S.C. § 1446(a). The appropriate filing fee is being paid to the Clerk of this Court upon the filing of this Notice.

**DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

11. Congress passed CAFA "primarily to curb perceived abuses of the class action device." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010). "To achieve its purposes, CAFA provides expanded original diversity jurisdiction …." *Id.* at 1090-91. There is no presumption against removal under CAFA, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), and "courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading," *id.* at 87 (citing 28 U.S.C. § 1446(a)).

12. Pursuant to CAFA, district courts "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

NOTICE OF REMOVAL - 3
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

106666.1067/8109215.1

interests and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant … ." 28 U.S.C. § 1332(d)(2)(A). For the purposes of determining whether the amount in controversy requirement is met, "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

13. Although Defendants deny that Plaintiff will ever be able to satisfy the standards for class certification, the Action satisfies CAFA's jurisdictional requirements. This is (i) a class action, in which (ii) at least one member of the class is a citizen of a state different from at least one of the two Defendants, (iii) the number of putative class members exceeds 100, and (iv) the aggregated amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5)(B); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018).

14. <u>The Action satisfies CAFA's class action requirement</u>. A lawsuit is a class action if it is filed "under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The instant Action is brought under Rule 23 of the Washington State Rules of Civil Procedure, *see* Complaint, ¶¶ 5.1-5.7, which is a direct analogue to Federal Rule 23, *see Weston v. Emerald City Pizza LLC*, 137 Wash.App. 164, 168 n.3 (2007) ("[Washington's] CR 23 is identical to its federal counterpart," Rule 23). Plaintiff also seeks to act in a representative capacity on behalf of a class. Complaint, ¶ 5.1.

15. <u>Minimal diversity is satisfied</u>. CAFA's diversity requirement is satisfied so long as any putative class member is a citizen of a state different from any defendant. Here, Plaintiff has not alleged his own citizenship, however his last known address was in Washington. (Rustvold Decl., ¶ 5.) Plaintiff does allege that (1) he was employed by The Home Depot in Washington from approximately April 2004 until September 2019 Complaint, ¶¶ 1.1, 3.5); and (2) "seeks to represent a class of current and former supervisors and specialists who worked for The Home Depot in Washington state at any time beginning three years prior to the filing of the Complaint in this matter and continuing thereafter" (*id.* at ¶ 5.1). Thus, there can be no question

NOTICE OF REMOVAL - 4
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

106666.1067/8109215.1

that at least one member of the putative class is a citizen of Washington. By contrast, Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. are each incorporated in Delaware and have their principal place of business in Georgia (Rustvold Decl., ¶¶ 3-4), making them citizens of those two states for jurisdictional purposes. 28 U.S.C. § 1332(c)(1). Accordingly, at least one member of the proposed class is a citizen of a state different than Defendants.

16.     <u>The proposed class exceeds 100 members</u>. The Complaint includes a definition of the putative class as follows:

> Plaintiff seeks to represent a class of current and former supervisors and specialists who worked for The Home Depot in Washington state at any time beginning three years prior to the filing of the Complaint in this matter and continuing thereafter.

Complaint, ¶ 5.1. In addition, Plaintiff asserts that the Action satisfies CR 23(a)(1), which requires that "the class is so numerous that joinder of all members is impracticable." *Id.,* ¶ 5.3. While the Complaint does not identify exactly how many individuals are in the proposed class, The Home Depot has employed approximately 2,470 supervisors and specialists in Washington at some point within the three-year period from June 26, 2017 to June 26, 2020.(Rustvold Decl., ¶ 5) Thus, the putative class as defined by the Complaint exceeds 100 members.

17.     <u>The amount in controversy is satisfied</u>. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" or a concession of liability. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In other words, the amount in controversy is simply the "amount at stake in the underlying litigation," *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016), where "'amount at stake' does not mean [defendants'] *likely* or *probable* liability," but rather "*possible* liability." *Greene v. Harley-Davidson, Inc.*, --- F.3d ----, 2020 WL 3969285, at *4 (9th Cir. July 14, 2020) (emphasis added); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("the amount in controversy is not a prospective assessment of a defendant's liability" but simply the amount that is potentially "at stake"). Thus, where the allegations in the complaint put punitive damages at play, "a defendant satisfies the amount-in-controversy requirement under

NOTICE OF REMOVAL - 5
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

106666.1067/8109215.1

CAFA if it is *reasonably possible* that it may be liable for the proffered punitive damages amount." *Greene*, 2020 WL 3969285, at *4 (emphasis added). Assessment of possible damages for purposes of removal "may require a chain of reasoning that includes assumptions," as long as these assumptions have "some reasonable ground underlying them." *Id.* at *3 (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

Without conceding The Home Depot is liable to Plaintiff or any putative class member in any amount, the CAFA amount-in-controversy requirement is satisfied because, based on the allegations in the Complaint, the putative class members' aggregate claims exceed $5 million. 28 U.S.C. § 1332(d)(6). Although the Complaint does not allege a total aggregate sum or value for all claims asserted by Plaintiff on behalf of herself and all putative class members, The Home Depot's belief that the amount in controversy exceeds $5 million is based on the following:

a. As noted in paragraph 16, above, the putative class includes supervisors and specialists employed by The Home Depot in Washington in the three-year period from June 26, 2017 to June 26, 2020 (Complaint, ¶ 5.1), which includes approximately 2,470 current and former employees of The Home Depot. (Rustvold Decl., ¶ 5)[1]

b. The average hourly wage of these putative class members during the three-year putative class period was $17.32.(*Id*., ¶ 6).

c. At all times relevant to the Action, in-store supervisors and specialists at Home Depot stores in Washington have been accorded a total of 50 minutes (0.833 hours) of rest breaks and meal periods per day. (*Id*., ¶ 7).

d. The Complaint does not allege a specific number of hours for which each member of the putative class was allegedly uncompensated. However, the Complaint asserts that "supervisors *often* miss their rest breaks and meal periods, cut their rest breaks and meal periods

---

[1] In seeking to demonstrate that the amount-in-controversy requirement has been satisfied for purposes of CAFA removal, a defendant is not limited to "the four corners of the complaint," and may provide extrinsic evidence to establish the potential damages implicated by plaintiff's allegations and claims. *Rodriguez v. AT&T Mobility Services LLC,* 728 F.3d 975, 981 (9th Cir. 2013) (*citing Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013)); *see also Greene*, 2020 WL 3969285, at *4 (discussing other types of evidence that may be considered).

NOTICE OF REMOVAL - 6
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

106666.1067/8109215.1

short, or are forced to take their meal periods after working more than five hours straight" (Complaint, ¶ 4.6); that "specialists *often* get their rest breaks and meal periods late or not at all" (*id.,* ¶ 4.7); that "work demands *frequently* prevent supervisors and specialists from getting timely, full rest breaks and meal periods, including second and third full meal periods" (*id.,* ¶ 4.8); that store managers and assistant managers ask supervisors and specialists to submit inaccurate time punch slips "*[o]n a regular basis*" (*id.*, ¶ 4.11); and that supervisors are "*rarely*" provided a second meal break during shifts lasting 11-plus hours (*id.*) (emphasis added throughout). The Complaint also asserts that supervisors and specialists were deprived of rest breaks and meal periods as a matter of "*pattern and practice*" (*id.*, ¶ 4.6) (emphasis added).

e.  Plaintiff's use of "often" and "frequently," as well as his assertion that the putative class members are allegedly denied rest breaks and meal periods as a matter of "pattern and practice," implies that this is a routine occurrence—that is, something that would have taken place least once per work week, or four times per month, on average, throughout the class period. At a bare minimum, "often" indicates that rest breaks and meal periods were allegedly denied to putative class members at least one day every two weeks (or approximately two days per month), on average. This would mean each putative class member was allegedly uncompensated for an average of at least 25 minutes per week.[2]

f.  In addition to "lost wages in amounts to be proven at trial," Plaintiff is seeking to recover exemplary double damages for Plaintiff and all putative class members under the WRA, RCW 49.52.070; treble damages under the CPA, RCW 19.86.090; and attorneys' fees, costs, and expenses under RCW 49.46.090, RCW 49.48.030, RCW 49.52.070 (WRA), and RCW 19.86.090 (CPA). Complaint, ¶ 7.

g.  The WRA provides that an employer may be liable for exemplary double damages ("twice the amount of the wages unlawfully … withheld") if it has "willfully" withheld

---

[2] The Home Depot emphatically denies that it has failed to ensure in-store supervisors and specialists are provided rest breaks and meal periods as required by Washington law, and that it has failed to pay supervisors and specialists additional compensation when they miss, cut short, or take late a rest break or meal period, as Plaintiff claims. Complaint, ¶¶ 4.6-4.10.

NOTICE OF REMOVAL - 7
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

106666.1067/8109215.1

wages. RCW 49.52.070. Plaintiff has alleged willful withholding in this case. Complaint, ¶¶ 5.4, 6.4, 7.4.

   h. The CPA provides that "the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained: provided, That such increased damage award for violation of RCW 19.86.020 may not exceed twenty-five thousand dollars … ." RCW 19.86.090. Treble damages may be awarded to the named plaintiff as well as all represented class members who suffered actual damages. *See Smith v. Behr Process Corp.*, 113 Wn. App. 306, 345-46 (2002). The $25,000 limit on treble damages under the CPA is calculated per plaintiff, and aggregated treble damages in a class action may far exceed this sum. *See, e.g., Dawsey v. Travelers Indemnity Co.,* 2015 WL 4394545, at *2-3 (W.D. Wash. July 16, 2015) (calculating potential treble damages under CPA for purposes of CAFA removal analysis); *Lewis v. Hartford Cas. Ins. Co.*, 2015 WL 4430971, at *2-3 (W.D. Wash. July 20, 2015) (same). In this case, Plaintiff has already asserted he is seeking treble damages on behalf of the putative class under the CPA. Complaint, ¶ 7.[3]

   i. Where the putative class representative seeks to recover attorneys' fees and costs under a statute with a fee-shifting provision, such as WRA or CPA,[4] the fees and costs are incorporated into the amount-in-controversy analysis for purposes of CAFA removal. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 942–43 (9th Cir. 2001); *see also Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1123 (C.D. Cal. 2010); *Dawsey,* 2015 WL 4394545, at *2-3, and *Lewis*, 2015 WL 4430971, at *2-3.[5] To estimate the attorneys' fees and costs that may be recovered if a class is

---

[3] Even if Plaintiff had indicated that he is *not* seeking treble damages, the mere fact that he has asserted a CPA claim puts treble damages "in play" for purposes of CAFA jurisdiction, and Plaintiff is not authorized to disclaim treble damages on behalf of putative class members before certification. *See, e.g., Dawsey,* 2015 WL 4394545, at *2-3; *Lewis,* 2015 WL 4430971, at *2-3; *see also Greene,* 2020 WL 3969285, at *5 ("a defendant that relies on potential punitive damages to satisfy the amount in controversy under CAFA meets that requirement if it shows that the proffered punitive/compensatory damages ratio is reasonably possible," and need not prove such punitive damages will actually be imposed).
[4] *See* RCW 49.52.070 (WRA) and RCW 19.86.090 (CPA).
[5] *See also Fritsch*, 899 F.3d at 793-94 (the amount in controversy includes "attorneys' fees awarded under fee-shifting statutes or contract," including future attorneys' fees); *Dart Cherokee,* 574 U.S. at 88 (defendant does "not need to prove to a legal certainty" in its notice of removal that a plaintiff will actually be awarded fees in the proffered amount).


NOTICE OF REMOVAL - 8
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

106666.1067/8109215.1

certified and plaintiffs prevail, district courts have estimated that plaintiffs may recover the Ninth Circuit benchmark for attorneys' fees, which is 25 percent of the common fund. *See, e.g., Dawsey,* 2015 WL 4394545, at *3; *Berry v. Transdev Services, Inc.,* 2016 WL 11261499, at *4-5 (W.D. Wash. Jan. 11, 2016).[6] In estimating the amount in controversy, this sum is added to the estimated value of the common fund itself. *Dawsey,* 2015 WL 4394545, at *3 (adding 25 percent benchmark to estimated common fund value); *Berry,* 2016 WL 11261499, at *5 (same); *see also Greene,* 2020 WL 3969285, at *4 fn. 4 (it was "reasonable" for district court to assume plaintiff's counsel "would seek fees equal to 25 percent of the amount in controversy if he were to prevail," and add this sum to possible punitive and compensatory damages in CAFA removal analysis).

j.  There is no requirement that a defendant seeking removal under CAFA prove the amount in controversy "to a legal certainty." *Rodriguez*, 728 F.3d at 976-77. Rather, the amount in controversy is subject to a "preponderance of the evidence" standard. *Id.* Moreover, the named plaintiff in a putative class action cannot stipulate, prior to class certification, that the entire class will not seek aggregated recovery in excess of $5 million, because the named plaintiff cannot bind absent putative class members. *Id.* at 978 (*citing Standard Fire,* 568 U.S. 588); *see also Dawsey v. Travelers Indemnity Co.*, 2016 WL 5942933, at *2-3 (W.D. Wash. Jan. 25, 2016) (named plaintiff's stipulation that he would not seek treble damages under CPA was binding on named plaintiff himself, but could not bind putative class members).

k.  In this case, assuming that each member of the putative class was allegedly uncompensated for rest breaks and meal periods at least one day every two weeks, or an average of 25 minutes per week (*see* ¶ 17(e), above), the amount in controversy on Plaintiff's WRA claim alone would be over $5.5 million even before considering attorneys' fees and costs.[7] Assuming

---

[6] District courts may also use a lodestar calculation to estimate the potential attorneys' fees, but "the difficulties with calculating a proper lodestar amount" in many cases weighs in favor of using the 25 percent benchmark. *Berry*, 2016 WL 11261499, at *5 (citing *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1337-38 (E.D. Cal. 2015)).

[7] This estimate can be reached by performing the following calculation: (1) 156 weeks in three years $\times$ 25 minutes (.417 hours) per week = 65 hours of uncompensated work per putative class member. (2) 65 hours $\times$ $17.32 per hour = $1,125.80 in compensatory damages per putative class member. (3) $1,125.80 $\times$ 2,470 putative class members = $2.78 million in compensatory damages for the entire putative class. (4) $2.78 million $\times$ 2 (reflecting WRA double damages) = $5.56 million in aggregated damages, before

NOTICE OF REMOVAL - 9
CASE NO. 2:20-CV-1150

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

106666.1067/8109215.1

attorneys' fees and costs are imposed based on the Ninth Circuit's benchmark of 25 percent of the common fund, this amount would increase to $6.95 million.[8]

    l.    Based on these same assumptions, the amount in controversy on Plaintiff's CPA claim—which seeks treble damages, rather than the double damages that Plaintiff is seeking to recover under the WRA—would exceed $8.3 million before the addition of attorney's fees and costs,[9] and would exceed $10.4 million including these fees and costs.[10]

    m.    Indeed, the amount in controversy on Plaintiff's CPA claim would exceed $5 million assuming that each putative class member was allegedly uncompensated for as few as 13 minutes per week.[11] As noted above, Plaintiff has asserted that the putative class members are "often" and "frequently" deprived of the 50 minutes of rest periods and meal breaks that they are allotted each day, which implies a regular and routine practice; in light of these allegations, The Home Depot has demonstrated by a preponderance of the evidence that the jurisdictional amount of $5 million has been satisfied. *Rodriguez,* 728 F.3d at 976-77.

18.    <u>No CAFA exceptions apply</u>. While Defendants deny it is their burden to show that any of the CAFA exceptions in 28 U.S.C. § 1332(d)(4) apply here,[12] they assert that this case does not fall within any of these exceptions for at least the following reasons:

---

attorneys' fees and costs.

[8] This estimate can be reached by multiplying the estimated damages of $5.56 million by 1.25 (reflecting that the estimated damages have been increased by 25 percent).

[9] This estimate can be reached by performing the following calculation: (1) 156 weeks in three years × 25 minutes (.417 hours) per week = 65 hours of uncompensated work per putative class member. (2) 65 hours × $17.32 per hour = $1,125.80 in compensatory damages per putative class member. (3) $1,125.80 × 2,470 putative class members = $2.78 million in compensatory damages for the entire putative class. (4) $2.78 million × 3 (reflecting CPA treble damages) = $8.34 million in aggregated damages, before attorneys' fees and costs.

[10] This estimate can be reached by multiplying the estimated damages of $8.34 million by 1.25 (reflecting that the estimated damages have been increased by 25 percent).

[11] This estimate can be reached by performing the following calculation: (1) 156 weeks in three years × 13 minutes (.21 hours) per week = 32.7 hours of uncompensated work per putative class member. (2) 32.7 hours × $17.32 per hour = $566.36 in compensatory damages per putative class member. (3) $566.36 × 2,470 putative class members = $1.39 million in compensatory damages for the entire putative class. (4) $1.39 million × 3 (reflecting CPA treble damages) = $4.17 million in aggregated damages, before attorneys' fees and costs. (5) $4.17 million × 1.25 (reflecting addition of attorneys' fees based on 25 percent benchmark) = $5.2 million.

[12] *See Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1024 (9th Cir. 2007) (noting that "once federal jurisdiction has been established under [CAFA], the objecting party bears the burden of proof as to the applicability of any express statutory exception").

NOTICE OF REMOVAL - 10
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

106666.1067/8109215.1

a. The first exception is discretionary based on the number of putative class members found in the state where the action was filed. *See* 28 U.S.C. § 1332(d)(3). However, this exception only applies where the "primary defendants are citizens of the State in which the action was originally filed." *Id.* As noted above, neither of the two Home Depot Defendants is a citizen of Washington, where the Action was filed, and this exception does not apply. (Rustvold Decl., ¶¶ 3-4).

b. Similarly, the "home-state" exceptions in 28 U.S.C. § 1332(d)(4)(A) and (B) do not apply because Defendants are not Washington citizens. Section 1332(d)(4)(A) applies where two-thirds of the proposed class shares citizenship with at least one defendant (a) "from whom significant relief is sought," (b) "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class," and (c) "*who is a citizen of the State in which the action was originally filed.*" 28 U.S.C. § 1332(d)(4)(A) (emphasis added). Section 1332(d)(4)(B) applies where at least two-thirds of the members of the proposed class and *all of the "primary defendants"* are citizens of the forum state. 28 U.S.C. § 1332(d)(4)(B) (emphasis added). Neither of these two CAFA exceptions applies here, because the Action was filed in Washington state court, and neither of the Defendants is a citizen of Washington.

c. Finally, 28 U.S.C. § 1332(d)(5) contains two additional exceptions for defendants that are government entities, and for putative classes which number less than 100 in the aggregate. *See* 28 U.S.C. §§ 1332(d)(5)(A)-(B). Neither of these exceptions apply: The Home Depot is not a government entity, and the putative class here has approximately 2,470 members.

**RESERVATION OF RIGHTS**

19. Defendant reserves any and all defenses to the claims and allegations asserted against it in the Complaint, all of which it disputes and denies.

///

///

///

///

NOTICE OF REMOVAL - 11
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

106666.1067/8109215.1

## CONCLUSION

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from King County Superior Court to the United States District Court for the Western District of Washington.

DATED: July 28, 2020

LANE POWELL PC

By *s/ D. Michael Reilly*
D. Michael Reilly, WSBA No. 14674
reillym@lanepowell.com

By: *s/ Taylor Washburn*
Taylor Washburn, WSBA No. 51524
washburnt@lanepowell.com

1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107

By: *s/ David G. Hosenpud*
David G. Hosenpud, *pro hac vice* (pending)

601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
hosenpudd@lanepowell.com

*Attorneys for Defendants*

NOTICE OF REMOVAL - 12
CASE NO. 2:20-CV-1150

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

106666.1067/8109215.1

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that the following document was sent to the following CM/ECF participant:

Adam J. Berger, WSBA #20714
Elizabeth Hanley, WSBA #38233
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle WA 98104-1657
Phone: (206) 622-8000
Fax: (206) 682-2305
Email:  berger@sgb-law.com
        hanley@sgb-law.com

Executed on the 28th day of July, 2020, at Seattle, Washington.

*s/ D. Michael Reilly*
Signature of Attorney
WSBA No. 14674
Typed Name:  D. Michael Reilly
Address:  1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
Fax:  206.223.7107
E-mail:  reillym@lanepowell.com
Attorney(s) For:  Defendants

NOTICE OF REMOVAL - 13
CASE NO. 2:20-CV-1150

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

106666.1067/8109215.1