UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRIS CARLSON,<br><br>                    Plaintiff,<br><br>           v.<br><br>HOME DEPOT USA INC, THE HOME DEPOT INC,<br><br>                    Defendants. | CASE NO. C20-1150 MJP<br><br>ORDER DENYING MOTION TO SEAL |

This matter comes before the Court on Plaintiff's Unopposed Motion to Seal. (Dkt. No. 88.) Having reviewed the Motion, the Court DENIES it without prejudice.

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. If not, then the good cause standard will apply. Under the "compelling interest" test, the Court must

ORDER DENYING MOTION TO SEAL - 1

1 | "conscientiously balance[] the competing interests of the public and the party who seeks to keep
2 | certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th
3 | Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its
4 | decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying
5 | on hypothesis or conjecture." Id. (citation and quotation omitted). "The burden is on the party
6 | requesting a protective order to demonstrate that (1) the material in question is a trade secret or
7 | other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an
8 | identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131
9 | (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to
10 | keep materials under seal to show: (1) "the legitimate private or public interests that warrant the
11 | relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a
12 | less restrictive alternative to the relief sought is not sufficient." Local Rule 5(g)(3)(B).
13 | "Evidentiary support from declarations must be provided where necessary." Id.

      Here, Plaintiff asks the Court to seal one exhibit he filed in support of his Motion for Class Certification and portions of the Motion for Class Certification that quote the document. There are two problems with this request. First, Plaintiff fails to address what relevant standard should apply (compelling interest or good cause) and why the request satisfies that standard. This is inadequate. Second, neither party has presented the Court with competent evidence as to what information is contained in the exhibit and why its public revelation would harm Defendant. Without any evidentiary support, the Motion states that it is "Defendants' position that the document at issue contains proprietary financial information regarding the methods and amounts of compensation of store management level employees which could cause them significant financial harm and place them at a competitive disadvantage if publicly disclosed to their

competitors or others." (Mot. at 3.) While that may well be true, without some attestation from Defendants about this document and why it should kept confidential, the Court lacks any factual basis on which to grant the requested relief.

The Court therefore DENIES the Motion without prejudice. Rather than unseal the document and motion, the Court GRANTS leave to the Parties to file a renewed Motion within 7 days of entry of this order to addresses the defects noted in this Order. If the Parties do not so move, the Court will unseal both the exhibit and unredacted Motion for Class Certification.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 23, 2021.

Marsha J. Pechman
United States Senior District Judge