UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRIS CARLSON, | CASE NO. C20-1150 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO SEAL |
| v. | |
| HOME DEPOT USA INC, THE HOME DEPOT INC, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Renewed Unopposed Motion to Seal. (Dkt. No. 92.) Having reviewed the Motion and supporting materials, the Court GRANTS it.

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. If not, then the good cause standard will apply. Under the "compelling interest" test, the Court must

ORDER GRANTING MOTION TO SEAL - 1

"conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to keep materials under seal to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." Id.

   Defendants ask the Court to seal one exhibit Plaintiff filed in support of his Motion for Class Certification and portions of the Motion for Class Certification that quote the document. Because Plaintiff's Motion for Class Certification presents issues going to the merits of the case, the Court applies the compelling interest test. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Defendants have presented a declaration attesting to the fact that the document at issue contains information about Home Depot's incentive programs that is treated as confidential internally and whose disclosure could undermine Home Depot's ability to attract and retain employees and thus harm its competitive standing. (Declaration of Michele Rustvold ¶¶ 2-4 (Dkt. No. 93).) The Court finds this sufficiently demonstrates a compelling interest that outweighs public's interest in reviewing the specific document and the references to

1  it in Plaintiff's Motion for Class Certification. The Court notes that the document is one of many

2  items filed with the Motion for Class Certification and its exclusion does not appear to deprive

3  the public of an ability to understand the issues presented in Plaintiff's Motion for Class

4  Certification. The Court GRANTS the Motion to Seal and ORDERS that the exhibit (Dkt. No.

5  90) and unredacted Motion for Class Certification (Dkt. No. 89) be kept under seal.

6       The clerk is ordered to provide copies of this order to all counsel.

7       Dated August 3, 2021.

8

9       Marsha J. Pechman
      United States Senior District Judge