The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRIS CARLSON, individually and on behalf of all persons similarly situated,

Plaintiff,

v.

HOME DEPOT U.S.A., INC., a foreign corporation; and THE HOME DEPOT, INC., a foreign corporation,

Defendants.

No.  2:20-cv-01150 MJP

PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT CLASS CERTIFICATION, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND PETITION FOR ATTORNEYS' FEES AND COSTS

NOTE ON MOTION CALENDAR: FEBRUARY 14, 2023

## I.   RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 23(e), Plaintiff Chris Carlson, individually and as representative of the certified litigation class, requests an order that (1) certifies a Settlement Class that is substantially similar to the previously approved litigation class, (2) preliminarily approves a class-wide settlement of Plaintiff's claims against Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. (collectively, "Home Depot"), (3) approves the Notice to be sent to the Settlement Class Members, and (4) schedules a final fairness hearing at least seventy-five (75) days from the date of any preliminary approval. This relief should

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT CLASS CERTIFICATION, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND PETITION FOR ATTORNEYS' FEES AND COSTS - 1
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

be granted because the settlement provides fair, reasonable, and adequate relief to the proposed Settlement Class.

This pleading and the accompanying declaration also serve as Plaintiff's request for an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 23(h). Plaintiff so moves in order to allow notice to and review by the Class, but respectfully submits that the Court defer final ruling on such petition until the final fairness hearing.

Defendants have reviewed this motion and all accompanying papers and do not oppose this motion. Declaration of Adam J. Berger ¶1.

## II.    STATEMENT OF FACTS

### A.    Procedural and Factual Background.

Plaintiff Chris Carlson filed this class action suit in King County (Washington) Superior Court on June 26, 2020, alleging that Home Depot had violated the Washington Industrial Welfare Act, RCW 49.12, and associated state wage laws by failing to provide its in-store supervisors and specialists in Washington state with legally compliant meal and rest breaks and additional compensation for missed, untimely, or shortened breaks. Home Depot timely removed to this Court.

On October 7, 2021, the Court granted Plaintiff's contested motion to certify a litigation class comprising all individuals employed by Home Depot as in-store supervisors or specialists in Washington State at any time between June 26, 2017 and October 7, 2021.

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 2
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

Dkt. #117.[1] Notice of the class action was then mailed to all 3,217 putative class members. 294 individuals submitted timely requests for exclusion. Berger Dec. ¶3.

Following class certification, the parties continued discovery in the case, including production of comprehensive timekeeping and payroll data and depositions of 16 absent class members and Plaintiff's experts. Berger Dec. ¶4. Plaintiff engaged an economics expert, Paul Torelli, Ph.D. to calculate potential damages. Dr. Torelli submitted his expert report on February 3, 2022 and an amended report on March 14, 2022. *Id.*

The parties engaged in a full-day mediation with experienced neutral Cliff Freed on May 12, 2022. Berger Dec. ¶6. Although the parties failed to reach agreement on that day, months of additional negotiations followed. Following further negotiations on specific terms, the parties executed a Settlement Memorandum of Understanding on December 9, 2022 and then the long-form Settlement Agreement presented here on February 3, 2023. *Id.*

**B.    The Proposed Settlement.**

A copy of the parties' proposed Settlement Agreement is attached as Exhibit 1 to the accompanying Berger Declaration. The key terms of the settlement are as follows:

1.    <u>Settlement Class Certification</u>. As part of the settlement, the parties agree to certification of a Settlement Class that is substantially similar to the litigation class that was certified by this Court in October 2021, except it has been slightly expanded in temporal scope to reflect the passage of additional time since the litigation class was certified, and has also been adjusted to exclude those individuals who previously opted out of the litigation

---

[1] The Court denied certification of Plaintiff's Consumer Protection Act claim alleging manipulation of employee time cards but certified the remainder of his statutory wage and hour claims.

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 3
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

class. The Settlement Class therefore now includes all in-store supervisors and specialists in Washington state between June 26, 2017 and May 31, 2022, except for those who previously opted out of the litigation class. The putative Settlement Class comprises 3,245 individuals. Berger Dec. ¶9.

2.    <u>Gross Settlement Fund ($5,800,000)</u>.  Home Depot agrees to establish a Gross Settlement Fund of $5,800,000 to cover the class-wide claims for back-pay, prejudgment interest, and penalties relating to the alleged meal and rest break violations and any Court-awarded fees and costs to Class Counsel, the Class Representative, deposed class members, and the Third Party Settlement Administrator. Home Depot will additionally pay the employer's share of payroll taxes on the back wage portions of each individual settlement award.

3.    <u>Allocation of Net Settlement Fund</u>. The Net Settlement Fund, after deduction of any Court-awarded fees and costs, will be allocated pro rata among Settlement Class Members based on their individual average pay rates and the number of shifts longer than five hours they worked as an in-store supervisor or specialist between June 26, 2017 and May 31, 2022. Individual settlement awards will be divided equally between back wages (50%) and prejudgment interest and penalties (50%). Settlement Class Members will not need to submit claims or any documentation to receive their individual settlement awards. Settlement Class Members will have 120 days after distribution to cash their settlement checks, and any individuals who have not cashed their checks within 90 days of distribution will be sent a reminder postcard.

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 4
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

4.    <u>Attorneys' Fees and Costs</u>. Subject to Court approval, Class Counsel seeks an attorneys' award of 20% of the Gross Settlement Fund, or $1,160,000, plus actual litigation costs of approximately $75,000.

5.    <u>Incentive Fees</u>. Subject to Court approval, Plaintiff seeks an award of $10,000 from the Gross Settlement Fund in recognition of his service to the class, his time and efforts spent on this litigation, and in exchange for his grant of a general release to Home Depot. Plaintiff also seeks incentive awards of $250 each for the 16 class members who submitted declarations in support of class certification and were subsequently deposed by defense counsel. All such incentive awards are to be paid out of the Gross Settlement Fund.

6.    <u>Third Party Administration</u>. Subject to Court approval, ILYM Group, an experienced third party administrator, will establish a qualified settlement fund, distribute class notice, settlement checks, and tax documents and otherwise handle administration of the settlement. ILYM's estimated fees and costs will not exceed $22,000, which would be paid from the Gross Settlement Fund.

7.    <u>Class Member Notice, Objections, and Opt-Outs.</u> A copy of the parties' proposed Notice to Settlement Class Members is attached as Exhibit 2 to the accompanying Berger Declaration. The Settlement Administrator would mail and email the notice to the last known valid addresses of all Settlement Class Members within 30 days of the date of this Court's preliminary approval and will also maintain a static website containing the Notice and Settlement Agreement. Returned notices will be re-mailed to forwarding addresses obtained using reasonable search efforts, which will be shared with Class Counsel.

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 5
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Settlement Class Members will have 30 days from the Notice date to request exclusion from the Settlement Class or object to the settlement terms.

8.    _Residual Funds_. Subject to Court approval, any residual funds remaining as a result of uncashed or undeliverable settlement checks will be distributed to The Homer Fund for use in assisting Home Depot employees and their families in need. Berger Dec. ¶15.

9.    _Release of Claims_. Under the parties' proposed Settlement Agreement, all Settlement Class Members will be held to have released all statutory, common law, and contract-based wage claims that arise from the facts and circumstances alleged in Plaintiff's Complaint from June 26, 2017 (the beginning of the Class Period) until August 12, 2022. Plaintiff Chris Carlson has agreed to a general release.

10.    _Final Approval_. Subject to Court approval, Plaintiff will file pleadings in support of final approval no later than seven days before the final fairness hearing, after having provided an opportunity for Defendants' counsel to review. At the final fairness hearing, the Court will be asked to enter a final order approving the settlement.

## III.    DISCUSSION

### A.    The Proposed Settlement Class Satisfies Fed. R. Civ. P. 23.

Like other classes, settlement classes may be certified only if they meet the criteria of Fed. R. Civ. P. 23(a) and one or more of the subsections of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). A court must engage in a "rigorous analysis" to determine whether the requirements of Fed. R. Civ. P. 23 are satisfied. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). However, the evidentiary showing need not be extensive. *Blackie v. Barrack*, 524 F. 2d 891, 901 (9th Cir. 1975).

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 6
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

Here, the Court previously found that Plaintiff satisfied the Rule 23 criteria. Because the Settlement Class only expands the temporal scope of the existing class and does not otherwise change the underlying claims or class definition, the Settlement Class also meets the Rule 23 requirements.

### 1.    Numerosity.

Rule 23(a)(1) requires a class to be so numerous that joinder is "impracticable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Here, the Settlement Class comprises 3,245 employees, comparable to the size of the litigation class previously certified by the Court.

### 2.    Commonality and Predominance.

Rule 23(a)(2) requires that the claims of the proposed class "depend upon a common contention … of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The analysis of predominance under Rule 23(b)(3) is similar to the inquiry on commonality, but focuses on whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Products*, 521 U.S. at 623.

Here, the Court concluded that Plaintiff's claims presented predominant questions of law and fact regarding Home Depot's rest and meal break practices, including whether its failure to compensate class members for missed rest and meal breaks violated Washington law and whether its performance, disciplinary, and staffing policies and practices led to a class-wide pattern of missed meal and rest breaks. Although Home Depot continues to dispute the existence and effects of such class-wide patterns, policies, and practices, the mere

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 7
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

expansion of the Settlement Class to encompass a few more months of employment does not alter the bases for the Court's prior conclusions.

### 3.    Typicality.

The Court previously found that Plaintiff Carlson was typical of the class of in-store supervisors and specialists with respect to his meal and rest break claims under the Washington wage laws. For the same reasons, he is also typical of the proposed Settlement Class.

### 4.    Adequacy of Representation.

Whether a plaintiff satisfies the adequacy requirement of Rule 23(a)(4) depends on "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010). Here, there is no adversity of interest between Plaintiff and the proposed class, and there is no indicia of collusion. Moreover, the reasonableness of the proposed settlement obtained by Plaintiff and described further below demonstrates his adequacy as a representative of the proposed Settlement Class.

### 5.    Predominance and Superiority.

Rule 23(b)(3) also requires that a class action be superior to other available methods for adjudication. Again, the Court has found this requirement is satisfied in this case.

Moreover, concerns over manageability are simply not present where the proposal is "that there be no trial." *See Amchem*, 521 U.S. at 620; *see also Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004) ("The class might be unmanageable if the case were actually tried yet manageable as a settlement class because the settlement might eliminate all

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 8
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

the thorny issues that the court would have to resolve if the parties fought out the case."). Here, a Settlement Class is a superior method to address Home Depot's alleged violations of Washington wage and hour laws. The relatively modest size of the individual damage claims relative to the litigation resources of this corporate defendant make it unlikely that individual class members would come forward and seek redress. *See Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 657 (W.D. Wash. 2011). And, there is no evidence that any class members have instituted any other lawsuits on the issues raised in this case or shown any interest in individual control of this litigation, even after certification of the litigation class. Berger Decl. ¶3. Thus, the Settlement Class continues to meet the criteria of Rule 23(b)(3).

### 6. Class Counsel Continue To Satisfy Rule 23(g).

The Court previously concluded that Plaintiff's Counsel satisfied the criteria of Rule 23(g). The ability of counsel to obtain the present settlement confirms the continuing validity of that conclusion.

### B. The Proposed Settlement Is Fair, Adequate, And Reasonable.

"As a matter of express public policy, federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters." *Arthur v. Sallie Mae, Inc.*, C10-0198JLR, 2012 WL 90101, *6 (W.D. Wash. Jan. 10, 2012) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned")). Even so, the Court must satisfy itself that the proposed settlement is fair, adequate, and reasonable to the class. *Id.*; *see also* Fed. R. Civ. P. 23(e). In conducting such analysis, courts in this circuit consider the following factors:

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 9
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

[T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)). Plaintiff addresses the relevant factors in turn, cognizant that the Court must revisit the issue after Settlement Class Members have an opportunity to weigh in.

### 1.    The Strength of Plaintiff's Case.

Plaintiff maintains that significant evidence supports his claim that there was a widespread pattern and practice of missed or untimely meal and rest breaks among Settlement Class Members as a result of Home Depot's performance expectations, disciplinary policies, and staffing practices. However, Plaintiff acknowledges the risk inherent in any litigation. Berger Dec. ¶16. In this case, specific risks described in Home Depot's opposition to class certification and subsequent communications to Plaintiff's counsel include:

- Defendants' contention that Class Members voluntarily waived their meal breaks and that waiver presents individualized questions that would ultimately require decertification.

- Defendants' contention that punch clock records may overstate the number of missed meal breaks because Class Members forgot to punch out.

- Defendants' contention that damages are not owed for many late meal breaks that were untimely by only a few minutes.

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 10
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

- Defendants' contention that damages are not owed for missed or late unpaid meal breaks because Class Members have already been paid for all hours worked.

- Defendants' contention that Home Depot met its duty to provide Class Members with required 10-minute breaks or suitable intermittent breaks.

- Defendants' substantive and procedural challenges to Plaintiff's survey data, which could hinder Plaintiff's ability to establish rest break damages on a class-wide basis.

- Defendants' contention that individual variations in experiences with missed or untimely rest breaks across stores, departments, positions, and time periods preclude class-wide proof of the claim and would ultimately require decertification.

Berger Dec. ¶ 17. Plaintiff disputes all of these contentions, but acknowledges the risk that recovery for the Settlement Class would be greatly reduced or eliminated altogether if Defendants were to prevail on any of these arguments. *Id.*

### 2. The Risk of Maintaining/Obtaining Class Status and Expense of Further Litigation.

As to the next two factors, Home Depot argues that issues of meal break waiver and frequency and cause of noncompliant meal and rest breaks create individualized questions of fact that would require decertification on all or some claims prior to entry of judgment. Although Plaintiff disagrees, these arguments pose at least some risk to maintaining class certification through trial. Similarly, Plaintiff has incurred many of the expenses of litigation to date, but in the absence of settlement, the need for further discovery, expert analysis and testimony, motions practice, and trial would significantly increase the costs of litigation without guaranteeing any greater recovery. Berger Dec. ¶18.

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 11
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

In the absence of settlement, ongoing litigation and appeal is a near certainty. This presents risk and uncertainty for both parties. The class faces the risk of recovering nothing at all; and Home Depot faces the risk of increased exposure if the class were to prevail. Berger Dec. ¶19. Such "all or nothing" prospects weigh in favor of approval. *See In re Toys R Us-Delaware*, 295 F.R.D. at 452 (citing, *inter alia*, *Glass v. UBS Financial Services, Inc.*, No. C–06–4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007)); *see also Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 651 (N.D. Tex. 2010) ("When the prospect of ongoing litigation threatens to impose high costs of time and money on the parties, the reasonableness of approving a mutually-agreeable settlement is strengthened.").

### 3.    Amount Offered In Settlement.

On an aggregate level, the Gross Settlement Fund represents a significant portion of the back wages calculated by Plaintiff's expert as owed to class members. In his March 2022 expert report, Dr. Torelli calculated that litigation class members were owed approximately $1,472,798 in back wages for missed meal breaks and $4,291,554 for untimely meal breaks. Assuming a 25% rate of missed rest breaks would result in approximately $2,267,000 more in back wage damages according to his calculations. Berger Dec. ¶10.

Defendants dispute Dr. Torelli's qualifications as an expert witness and the accuracy of his calculations, and contend that his methodology concerning analysis and estimates of both missed or non-compliant meal breaks and missed or non-compliant rest breaks materially overstates the back wages potentially owed in several respects. Moreover, these calculations are sensitive to certain starting assumptions that are heavily disputed. For example, almost $500,000 in late meal break damages are attributable to meal breaks that

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 12
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

started less than five minutes late (i.e., less than five hours and five minutes into a worker's shift). Over $200,000 in missed second meal period damages are attributable to shifts where the employee worked at least 10 but less than 10.5 hours, while entitlement to a second meal break arguably does not accrue until the employee's shift is 10.5 hours long. Adjusting for these two factors alone, the settlement comprises more than 75% of the calculated damages. Berger Dec. ¶11.

More fundamentally, Dr. Torelli's calculations do not consider the multiple risks inherent in litigation and the specific risks to recovery described above that could reduce, eliminate, or delay class recovery on Plaintiff's claims. The discount from full recovery represented by the settlement is more than reasonable in light of these risks. Berger Dec. ¶12.

The settlement amount is equally or more reasonable when evaluated on a per shift basis. Data show that Settlement Class Members worked 997,886 shifts longer than five hours (the threshold for a required meal break under Washington law) during the period covered by the settlement. Dividing the Gross Settlement Fund by this figure results in average damages of $5.81 per shift, or a little less than 20 minutes per shift at average wage rates. By comparison, Dr. Torelli calculated that class members incurred missed or untimely meal periods approximately one-third of the time, which would equal approximately 10 minutes of damages if spread across all qualifying shifts (i.e., 30 minutes of damages once every three shifts). Thus, the Gross Settlement Fund recovers this much plus the equivalent of almost one non-compliant rest break per shift.[2] Berger Dec. ¶13.

---

[2] Because class members typically are entitled to two rest breaks per shift, this equates to recovery for a rest break non-compliance rate of 50%.

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 13
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

The allocation plan is likewise fair and reasonable. This plan allocates the Net Settlement Fund on a pro rata basis according to the number of shifts worked greater than five hours and average wage rates for each Settlement Class Member during the covered period. Berger Dec. ¶14. The average recovery per Settlement Class Member, after reduction of any Court-approved fees and costs, would be approximately $1,395, although the specific recoveries would vary greatly depending on each individual's wage rates and qualifying shifts worked. *Id.*

Finally, Settlement Class Members are not required to submit a claim or any other paperwork to receive their settlement awards. The simplicity of this distribution process also favors approval of the settlement.

### 4.    The Extent of Discovery/Stage of Proceeding.

Over the course of the litigation, the parties have exchanged significant discovery, including comprehensive production of timekeeping and payroll data, hundreds of pages of paper discovery regarding Home Depot policies, disciplinary records and the like, 20 depositions, and motions practice including a contested motion and cross motion by Defendants relating to class certification. Berger Dec. ¶4. In addition, Plaintiff's counsel has engaged in extensive investigation outside the discovery process, including detailed interviews with numerous class members, and a survey conducted by Plaintiff's expert and answered by over 100 workers. *Id.* ¶5. Defense counsel also interviewed and obtained statements from numerous managers and putative class members before class certification was granted. Thus, both parties have gathered more than sufficient information to make informed decisions on settlement..

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 14
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### 5.    The Experience and Views of Counsel.

Plaintiff's counsel is experienced in wage and hour class litigation, including numerous cases alleging rest and meal break violations. *See* Berger Dec. ¶7. When experienced and skilled class counsel support a settlement, their views are given great weight. *See Reed v. Gen. Motors Corp.,* 703 F.2d 170, 175 (5th Cir.1983).

### C.    The Attorneys' Fee and Cost Award Requested by Plaintiff's Counsel Is Reasonable and Should Be Preliminarily Approved.

The parties' proposed Settlement Agreement contemplates an attorneys' fee award of 20% of the Gross Settlement Fund, or $1,160,000, plus actual litigation costs. Home Depot does not oppose this request, but the settlement is not contingent on the Court's approval of this award.

### 1.    The requested 20% fee is reasonable.

Under Washington law, the percentage approach ordinarily applies to common fund cases. *See Bowles v. Department of Retirement Systems*, 847 P.2d 440, 450-51 (Wash. 1993). In assessing the reasonableness of the fee, this Court looks to Washington law "[b]ecause Washington law governed the claim, it also governs the award of fees." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)).

The typical percentage range of attorneys' fees in a common fund recovery is between 20% and 33%. *See Bowles*, 847 P.2d at 450 (citing 3 *Newberg on Class Actions* § 14.03 for the proposition that 20 to 30 percent is the usual range for fee awards in a common fund action); 4 *Newberg on Class Actions* § 14:6 (4th ed. online) ("common fee awards fall in the 20 to 33 per cent range" and "empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 15
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

one-third of the recovery"). Both the Washington Supreme Court and the Ninth Circuit have recognized 25% as a "benchmark" figure for percentage-based common fund fee recoveries. *See Bowles,* 840 P.2d at 450; *Vizcaino*, 290 F.3d at 1047.

The fee requested here is less than the 25% benchmark. It is also significantly less than Plaintiff's counsel would typically recover by contingency fee in a complex case. *See* Berger Dec. ¶22; *see also* Goodrich, F. & Silber, R., *Common Fund and Common Fund Problems: Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 548-49 (Summer 1998) ("The percentage awarded should mimic the market…. In non-class litigation, one-third contingency fees are typical.") Class Counsel took this case on a contingency basis, with no guarantee of recovery and the obligation to advance significant out-of-pocket costs. The settlement here was reached only after extensive investigation and litigation against highly sophisticated and well-represented defendants. The recovery achieved for Settlement Class Members represents a significant portion of the alleged damages. And while the settlement is substantial, it is not on the scale of a "megafund" recovery that would warrant departure from the standard percentage-based methodology or require further reduction of the percentage fee. *In re Bluetooth Headset Prod. Liab. Litig*., 654 F.3d 935, 942 (9th Cir. 2011). Thus, the requested percentage award is reasonable.

### 2.    Costs.

In addition to their time, Plaintiff's counsel has advanced costs of almost $75,000 to date, again risking that none of it would be recovered. Berger Dec. ¶¶21-23, Ex. 3 (Itemized Cost Statement). These costs were primarily spent on expert analysis of Defendants' data,

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 16
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

deposition costs, costs of class notice, and mediation fees, and are eminently reasonable given the duration, size and complexity of the data and the case.

Thus, Plaintiff respectfully submits that the above-described attorneys' fee and cost award be described in the Notice to the class and subject to final approval at the final fairness hearing.

### D. Incentive Awards.

Subject to Court approval, the named Plaintiff Chris Carlson will receive an additional $10,000 as an incentive award for his time and effort in representing the Settlement Class. Such treatment of class representatives is warranted and is frequently requested and approved. *See Hughes v. Microsoft Corp.*, 2001 WL 34089697, *12 (W.D. Wash. March 26, 2001). The proposed incentive payment recognizes, among other things, the benefits obtained for the Settlement Class through his efforts and the time he devoted to the case, which included responding to Defendant's discovery, sitting for a lengthy deposition, assisting counsel in gathering and evaluating information, and participating in the mediation and subsequent settlement negotiations. In addition, Mr. Carlson is giving Home Depot a general release of claims significantly broader than the release provided by the other Class Members, further justifying a meaningful incentive award for him. Berger Dec. ¶24.

Plaintiff also requests incentive awards of $250 each for the 16 class members who submitted declarations in support of class certification and were subsequently deposed by defense counsel for periods ranging from two to four hours each. Berger Dec. ¶25. Again this request recognizes their time, effort, and service, which contributed significantly to Plaintiff's ability to obtain class certification and negotiate a class-wide settlement. *E.g.,*

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 17
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

*Camp v. Progressive Corp.*, 2004 WL 2149079, *7 (E.D. La. 2004) (awarding $2,500 each to several dozen absent class members who were deposed in class action to recover unpaid wages under the FLSA).

Absent such incentive awards, plaintiffs and other class members would be reluctant to subject themselves to such drawn-out litigation on behalf of a class, even where the benefits for the class and the public interest are significant. *See* Spoon, R. and Ellis, S., "The litigation stigma: lawsuits come back to haunt", *HR Focus*, February, Vol. 70 No. 2, p. 19 (1993) (discussing adverse consequences in the labor market for workers who sue former employers). The result would be less robust enforcement of wage and hour laws that Washington courts describe as having the highest public policy aims. *See Drinkwitz v. Alliant Techsystems, Inc.*, 996 P.2d 582, 586-588 (Wash. 2000) (discussing Washington's "long and proud history" of being a pioneer in employee rights).

As with the attorneys' fee award, the settlement is not contingent on Court approval of any particular incentive award amounts, and final approval of the awards will occur at the final fairness hearing. This request should be preliminarily approved at this time and described in the notice to the Settlement Class.

### E.    The Proposed Notice Satisfies Rule 23 And Due Process.

#### 1.    Method of Giving Notice.

Generally, notice must in substance be reasonably calculated, under all of the circumstances, to apprise Settlement Class Members of the certification of the settlement class, the terms of the settlement, and the opportunity to present objections. In the present case, notice will be sent by first-class mail and email to all Settlement Class Members.

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 18
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street • Suite 3400 • Seattle, WA  98101
Phone (206) 622-8000 • Fax (206) 682-2305

Berger Dec., Ex. 2. Settlement Class Member addresses will be updated prior to mailing, and the Settlement Administrator and Class Counsel will undertake reasonable efforts to locate any Settlement Class Members whose notices are returned as undeliverable. These steps are reasonably calculated to apprise Settlement Class Members of the proposed settlement and thus satisfy the requirements of Rule 23 and due process. *See Weinberger v. Kendrick*, 698 F.2d 61, 71 (2nd Cir. 1982) (mailing notice to each member's last known address constitutes appropriate notice).

### 2.    Contents of the Notice.

To comply with Rule 23(c) and (e), the notice must describe: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; the proposed settlement terms; the binding effect of the settlement on members; and the process for requesting exclusion, lodging objections, and being heard at the final fairness hearing. The attached notice addresses all of these items. *See* Ex. 2.

### 3.    Exclusion Requests.

Fed. R. Civ. P. 23(e)(4) provides that a court may condition approval of a proposed settlement on behalf of an already certified class on provision of a second opportunity to request exclusion by the class members. Neither due process nor Rule 23 require a second chance to opt-out where class members had the opportunity to request exclusion when the class was first certified. *See Officers for Justice v. Civil Service Commission of San Francisco*, 688 F.2d 615, 635 (9th Cir. 1982). However, because of the temporal expansion of the Settlement Class, the parties have agreed that existing litigation class members as well as newly added Settlement Class Members should have the opportunity to request exclusion.

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 19
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

**F.      Settlement Administrator.**

The parties propose using ILYM as a third party settlement administrator to distribute notice, settlement checks, and tax documents. ILYM has previously handled *Belaire* notice and post-certification class notice in this case, and has agreed to cap its fees for settlement notice and administration to $22,000. *See* Berger Dec. ¶27 & Ex. 4.

**G.      Final Approval Hearing.**

Finally, Rule 23(e) contemplates a final approval hearing following notice and an opportunity for class members to object. The Settlement Agreement provides that the Settlement Administrator will mail the notice within 30 calendar days of the Order granting preliminary approval to the Settlement, and that Settlement Class Members will have 30 days from then to request exclusion or file objections. A final fairness hearing scheduled at least 75 days from the Preliminary Approval Order will allow adequate time to notify the Settlement Class, receive objections, and prepare the motion for final approval. Plaintiff therefore respectfully requests that the Court set a final approval hearing 75 days after entry of the Order granting preliminary approval to the settlement or as soon thereafter as the Court's calendar permits, and allow Plaintiff to file his motion for final approval seven calendar days prior to the hearing.

///
///
///

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

1

### IV.   CONCLUSION

2

Plaintiff respectfully requests that the Court enter the accompanying proposed order

3

certifying the Settlement Class, preliminarily approving the Settlement Agreement,

4

approving the proposed notice, and setting a date for a final fairness hearing.

5

6

DATED this 14th day of February, 2023.

7

8

SCHROETER GOLDMARK & BENDER

9

10

*s/Adam J. Berger*
ADAM J. BERGER, WSBA #20714

11

ELIZABETH HANLEY, WSBA #38233
401 Union Street, Suite 3400

12

Seattle, WA  98101
Phone:  (206) 622-8000

13

Fax:  (206) 682-2305
Email: berger@sgb-law.com

14

Email: hanley@sgb-law.com

15

Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 21
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on February 14, 2023, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

4

the following:

5

6        *Counsel For: Defendant*

7        Laurence A. Shapero, WSBA No. 31301
         Evan Moses, *Pro Hac Vice*

8        OGLETREE, DEAKINS, NASH, SMOAK &
         STEWART, P.C.

9        1201 Third Avenue, Suite 5150
         Seattle, WA 98101

10       (206) 693-7057
         Laurence.Shapero@ogletree.com

11       Evan.Moses@ogletreedeakins.com

12

13

14            DATED:       February 14, 2023, at Vashon, Washington.

15                                                SCHROETER GOLDMARK & BENDER

16
                                                  *s/ Mary Dardeau*
17                                                Mary Dardeau, Paralegal

18                                                401 Union Street, Suite 3400
                                                  Seattle, WA 98101
19                                                Phone: (206) 622-8000
                                                  Fax: (206) 682-2305
20                                                Email: dardeau@sgb-law.com

21

22

23

24

25

26

PLTF'S UNOPPOSED MOTION FOR SETTLEMENT
CLASS CERTIFICATION, PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, AND PETITION
FOR ATTORNEYS' FEES AND COSTS - 22
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305