UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRIS CARLSON, individually and on
behalf of all persons similarly situated,

Plaintiff,

v.

HOME DEPOT U.S.A., INC. and THE
HOME DEPOT, INC.,

Defendants.

CASE NO. C20-1150 MJP

ORDER GRANTING
CONDITIONAL SETTLEMENT
CLASS CERTIFICATION AND
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiff's Unopposed Motion for Settlement

Class Certification and Preliminary Approval of Class Action Settlement. (Dkt. No. 135.) Having

considered the Motion and all supporting materials, the Court GRANTS the Motion,

CONDITIONALLY CERTIFIES the Settlement Class, and PRELIMINARILY APPROVES the

parties' class-wide settlement.

**A.     Settlement Class Certification**

The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) are satisfied for the Settlement Class, as defined by the parties and set forth below. Specifically, the Settlement Class is similar in scope and composition to the litigation class certified by the Court by Order dated October 7, 2021 and differs only in that it encompasses an eight-month longer period of time, and in that it does not include individuals who previously excluded themselves from the litigation class that was certified by this Court in October 2021. Moreover, because this class is being certified solely for settlement purposes, manageability issues for trial need not be considered. Therefore, for the reasons stated in the Court's October 7, 2021 Order, the Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3).

Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court certifies this matter as a class action for settlement purposes, with the Settlement Class defined as follows:

> All individuals employed by Defendants as in-store supervisors or specialists in Washington State at any time between June 26, 2017 and May 31, 2022, except for those individuals who have already opted out of the class that was certified in October 2021.

The Court appoints Plaintiff Chris Carlson as Class Representative of the Settlement Class and Adam J. Berger and Elizabeth A. Hanley of the law firm of Schroeter Goldmark & Bender as Class Counsel for the Settlement Class.

**B.     Preliminary Approval of Proposed Settlement**

The Court must satisfy itself that the proposed class-wide settlement is fair, adequate, and reasonable to the class and was the product of non-collusive, arms' length negotiations. Fed. R. Civ. P. 23(e); see also Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). In conducting such analysis, courts in the Ninth Circuit consider the following factors:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action

status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Hanlon, 150 F.3d at 1026 (citing Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993)).

Based on the Court's review of the instant motion and the parties' Settlement Agreement (Exhibit 1 to the Declaration of Adam J. Berger) together with its knowledge of the claims and defenses at issue in the case and the proceedings to date, the Court concludes that the terms of the parties' proposed settlement appear fair, reasonable, and adequate.  To that end, the Court ORDERS as follows:

1.      The Court approves the form and content of the parties' proposed notice to the Settlement Class Members ("Notice") that is attached as Exhibit 2 to the Declaration of Adam J. Berger. But the Parties must correct a typo on page 8 of the Notice. Specifically, in Section 14, the notice refers to "Marsha A. Pechman." That should be changed to "Marsha J. Pechman." The notice should also be changed to conform to the date of the final fairness hearing set in this Order and the settlement website which has not yet been identified.

2.      The Court concludes that the manner of giving notice satisfies Rule 23 and the requirements of due process and, consistent with the terms of the parties' Settlement Agreement, the Court directs the Settlement Administrator to mail and email a copy of the Notice to each Settlement Class Member no later than thirty (30) calendar days following the date of this Order. The Notice Date shall be three days after the date of mailing.

3.      Settlement Class Members shall have thirty (30) days after the Notice Date to request exclusion from the Settlement Class. To be effective, any such request must be made in writing; must contain the information specified in the Notice; and must be received by the

Settlement Administrator electronically or be mailed to the Settlement Administrator and postmarked on or before the 30th day after the Notice Date. In the case of a mailed request for exclusion, the date of the postmark on the mailing envelope shall be the exclusive means to determine whether a request for exclusion is timely.

4.      The Court approves appointment of ILYM Group, Inc. as Settlement Administrator and preliminarily approves payment of their fees and costs, not to exceed $22,000 from the Gross Settlement Fund created by the Settlement.

5.      On May 29, 2023, at 10:00 a.m., the Court will conduct a hearing ("Final Fairness Hearing") to determine whether to approve the settlement as fair, reasonable, and adequate, which, if so approved, will result in a dismissal and final judgment. The Final Fairness Hearing may, without further notice to the Settlement Class, be continued or adjourned by order of this Court.

6.      The Court approves notifying the Settlement Class of Plaintiff's request for $1,160,000.00 in attorneys' fees plus actual litigation costs of approximately $75,000, to be paid from the Gross Settlement Fund, subject to final approval at the Final Fairness Hearing.

7.      The Court approves notifying the Settlement Class of the proposed incentive payments of $10,000 to the Class Representative, in recognition of his role in this case and service to the Class and his grant of a general release to Defendants, and $250 to each of the 16 Settlement Class Members who were deposed by Defendants in connection with this litigation, to be paid from the Gross Settlement Fund, subject to final approval at the Final Fairness Hearing.

8.      The Court directs Class Counsel to submit a motion for final approval of the settlement, along with a proposed order approving the settlement and awarding Class Counsel's fees/costs, the Settlement Administrator's fees and costs, and incentive payments to the Class

1    Representative and deposed Settlement Class Members no later than seven (7) calendar days

2    prior to the date of the Final Fairness Hearing. Such papers shall also inform the Court whether

3    the Notice to Settlement Class Members was completed in accordance with the requirements of

4    this Order and provide information concerning any objections received as a result of such

5    mailing.

6         9.    Settlement Class Members may submit a written objection to any of the terms of

7    the proposed settlement by following the instructions as set forth in the Notice. Only Settlement

8    Class Members who file a timely, written objection to the settlement will be permitted to appeal

9    or seek review of this Court's decision approving or rejecting the settlement.

10        10.   In the event the parties' proposed settlement does not become effective in

11   accordance with the terms of the Settlement Agreement or is not finally approved by this Court,

12   the Court shall vacate this order and reinstate all claims and defenses.

13   **C.   Compliance with 28 U.S.C. § 1715**

14        The Parties have not provided any indication that they have or intend to comply with the

15   notice requirements of 28 U.S.C. § 1715. This statute requires Defendants to serve notice of the

16   proposed class settlement "upon the appropriate State official of each State in which a class

17   member resides and the appropriate Federal official[.]" 27 U.S.C. § 1715(b). This must be done

18   "[n]ot later than 10 days after a proposed settlement of a class action is filed in court." Id. The

19   contents of the notice is set forth in 28 U.S.C. § 1715(b). And "[a]n order giving final approval

20   of a proposed settlement may not be issued earlier than 90 days after the later of the dates on

21   which the appropriate Federal official and the appropriate State official are served with the notice

22   required under subsection (b)." 28 U.S.C. § 1715(d).

23

24

1       The Court therefore ORDERS Defendants to serve notice as required by 28 U.S.C. §

2 1715(b) by no later than February 24, 2023—ten days from the filing of the class settlement. The

3 Court notes that it has set the final fairness hearing more than 90 days from this deadline to allow

4 for full compliance with 28 U.S.C. § 1715(d). But the Court warns that Parties that it may

5 decline to approve the settlement if the Parties fail to comply with this statute. Defendants must

6 timely file on the Court's docket proof of the § 1715(b) service.

7       The clerk is ordered to provide copies of this order to all counsel.

8       Dated February 16, 2023.

9

10                     Marsha J. Pechman
                    United States Senior District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24