The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRIS CARLSON, individually and on behalf of all persons similarly situated,

Plaintiff,

v.

HOME DEPOT U.S.A., INC., a foreign corporation; and THE HOME DEPOT, INC., a foreign corporation,

Defendants.

No.  2:20-cv-01150 MJP

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

NOTED FOR MOTION CALENDAR: MAY 30, 2023
HEARING TIME: 4:30 PM

## I.      INTRODUCTION

Pursuant to FRCP 23(e), named Plaintiff and designated class representative Chris Carlson respectfully moves the Court for final approval of the class action settlement preliminarily approved by this Court on February 16, 2023 (Dkt. #137), and for entry of the proposed order submitted with these papers.  Defendants have reviewed this motion and do not oppose it.

## II.      BACKGROUND

The factual and procedural background of the case and description of the settlement terms are set forth in Plaintiff's Unopposed Motion for Settlement Class Certification,

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 1
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Preliminary Approval of Class Action Settlement, and Petition for Attorneys' Fees and Costs ("Preliminary Approval Motion") (Dkt. #135) and accompanying Declaration of Adam J. Berger (Dkt. #136) filed on February 14, 2023.

As required by the Court's Preliminary Approval Order (Dkt. #137), the Third Party Administrator, ILYM Group, Inc. distributed the approved Settlement Class Notice ("Notice") to all Class Members on March 20, 2023. Declaration of Lluvia Islas ("Islas Dec."), ¶7. The Notice gave individuals 30 days to submit any objections or, in the case of new Settlement Class Members, request exclusion from the Settlement Class. *Id.* 223 of the 3,245 Notices were returned as undeliverable without forwarding addresses. After performing a skip trace, ILYM was able to obtain new addresses and remail notice to 137 individuals. *Id.*, ¶9. 20 putative class members, or .6% of the class, submitted timely requests for exclusion. *Id.*, ¶12. No individuals have lodged objections to any terms of the settlement or indicated an intent to appear at the final approval hearing. *Id.*, ¶13; Second Declaration of Adam J. Berger in Support of Approval of Class Action Settlement, ¶2.

## III.    DISCUSSION

### A.    The Court Should Grant Final Approval Of The Proposed Settlement.

The standard of review for final approval of a class action settlement and factors supporting final approval in this case were addressed in the Preliminary Approval Motion. There have been no new developments since the Court's Preliminary Approval Order that call into question the fairness, reasonableness, or adequacy of the settlement.

In addition, no Class Member has lodged any objection to any element of the settlement, and less than 1% of putative class members requested exclusion. Thus, the Court should find that the settlement is fair, reasonable, and adequate.

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 2
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

**B.** **The Requested Attorneys' Fees And Litigation Costs Are Reasonable And Should Be Approved.**

As discussed in the Preliminary Approval Motion, Class Counsel seek an attorneys' fee award of 20% of the Gross Settlement Fund, or $1,125,00, plus actual litigation costs, to be paid out of the Gross Settlement Fund. Defendants do not object to this award. The Notice informed all Class Members that Class Counsel would seek a fee award of $1,125,000 and costs of up to approximately $75,000; no individual objected to that proposed award. Since the time of preliminary approval, Class Counsel's actual litigation costs have increased slightly to $75,017.54. *See* Second Berger Dec. ¶3 & Ex. 1 (updating cost figures). Although this exceeds the rounded $75,000 figure used in the Notice, the Notice also stated that figure was "approximate," and the slight overage should not deter reimbursement of the full costs incurred.

The requested fee and cost award is reasonable. As discussed in the Preliminary Approval Motion, Washington law applies the percentage-based approach to attorneys' fee awards in common fund settlements like this one. *Bowles v. Department of Retirement Systems*, 847 P.2d 440, 450-51 (Wash. 1993).[1] Both the Washington Supreme Court and the Ninth Circuit have recognized 25% as a "benchmark" figure for percentage-based common fund fee recoveries. *See Bowles*, 840 P.2d at 450; *Vizcaino*, 290 F.3d at 1047. Here, counsel requests a percentage lower than the benchmark and much lower than the contingent fee they would normally demand in complex litigation. *See* First Berger Dec. ¶22 (Dkt. #136). Moreover, the substantial recovery for the Class weighs in favor of the requested attorneys'

---

[1] In assessing reasonableness, this Court looks to Washington law. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 3
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

fee and cost award. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."). Finally, the litigation costs of $75,017.54, consisting mostly of deposition costs and expert witness fees, were all necessary to successful prosecution of this action and are relatively modest compared to the recovery for the class and the scope of the proceedings. *See* Second Berger Dec. Ex. 1. Given the favorable result for Settlement Class Members in this case, the time and effort expended by Class Counsel in litigating the case, and the importance of Class Counsel's skill and experience in this arena to obtain this result, the requested award is appropriate and should be approved.

**C.    The Requested Incentive Awards Are Reasonable And Should Be Approved.**

Class Counsel also asks the Court to award the named Plaintiff Chris Carlson an additional $10,000 for his time and efforts in representing the Class and his grant of a general release to The Home Depot. Such treatment of settlement class representatives is fair and reasonable and is frequently requested and approved. *See Hughes v. Microsoft Corp.*, 2001 U.S. Dist. LEXIS 5976, at *34-38 (W.D. Wash. March 26, 2001). In addition, Class Counsel requests an award of $250 to each of the 16 absent class members who were deposed by Defendants in the case after submitting declarations in support of class certification.

The requested incentive awards recognize, among other things, the benefits obtained for the Class through the efforts of Mr. Carlson and the deposed class members and the time they devoted to the case, as described in detail in the Preliminary Approval Motion. Finally, as with all elements of the settlement, the proposed incentive payments were disclosed in the Notice and no Class Member has objected to them. For these reasons, the incentive awards of

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 4
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

$10,000 to Mr. Carlson and $250 each to the deposed class members are reasonable and should be approved.

## IV.    CONCLUSION

For the reasons stated here and in the Preliminary Approval Motion filed with this Court on February 14, 2023, Plaintiff respectfully submits that the Court should enter the accompanying proposed Final Approval Order, granting approval of the settlement, awarding attorneys' fees and costs to Class Counsel, and awarding incentive payments of $10,000 to the named Plaintiff and $250 each to the deposed absent class members.

DATED this 23rd day of May, 2023.

SCHROETER GOLDMARK & BENDER


_s/ Adam Berger_
ADAM BERGER, WSBA #20714
ELIZABETH HANLEY, WSBA #38233
Counsel for Plaintiff
SCHROETER GOLDMARK & BENDER
401 Union Street, Suite 3400
Seattle, WA  98101
Phone:  (206) 622-8000
Fax:  (206) 682-2305
Email: berger@sgb-law.com
            hanley@sgb-law.com

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 5
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel For: Defendant*
Laurence A. Shapero, WSBA No. 31301
Evan Moses, *Pro Hac Vice*
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA  98101
(206) 693-7057
Laurence.Shapero@ogletree.com
Evan.Moses@ogletreedeakins.com

DATED:        May 23, 2023, at Vashon, Washington.

SCHROETER GOLDMARK & BENDER

*s/ Mary Dardeau*
Mary Dardeau, Paralegal
401 Union Street, Suite 3400
Seattle, WA  98101
Phone:  (206) 622-8000
Fax:  (206) 682-2305
Email:  dardeau@sgb-law.com

PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 6
(Case No. 2:20-cv-01150 MJP)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305