1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10   CHRIS CARLSON, individually and
     on behalf of all persons similarly
11   situated,

                                          CASE NO. C20-1150 MJP

                                          ORDER ON STIPULATED
                                          MOTION TO AMEND THE
                                          PARTIES' CLASS SETTLEMENT
                                          AGREEMENT

12                    Plaintiff,

13          v.

14   HOME DEPOT U.S.A., INC. and THE
     HOME DEPOT, INC.,
15
                      Defendants.
16

17          This matter comes before the Court on the Parties' Stipulated Motion to Amend the

18   Parties' Class Settlement Agreement. (Dkt. No. 148.) Having reviewed the Motion and all

19   supporting materials, the Court GRANTS the Motion.

20          According to the Parties, after they distributed payments to the Settlement Class

21   Members in this action, but before distributing the unclaimed portion of the settlement fund to

22   the cy pres recipient (The Homer Fund), they learned that "certain individuals who were

23   intended to be treated as Settlement Class Members did not receive notice of the settlement or an

24

opportunity to participate in the settlement." (Mot. at 2.) The Parties do not identify how many people were not provided notice (the "Additional Participants"). But they ask the Court to approve the following:

1. The Parties wish to treat the Additional Participants as if they had been included in the settlement process.

2. The Parties will direct the settlement administrator to send all of the Additional Participants notice of the settlement in substantially the same form provided to the original Settlement Class Members.

3. The Additional Participants will be afforded the opportunity to opt out of the settlement. If they do not opt out, they will be bound by the settlement and receive a payment calculated as if they had originally been participants in the Settlement Class.

4. The cost of administering the process described above, and the value of any payments sent to Additional Participants, will be paid out of the Unclaimed Funds. The payments to the Additional Participants will be calculated on the same basis and in the same manner as the payments to the original Settlement Class Members. To the extent the Unclaimed Funds are insufficient to cover the cost of this process, Defendant will cover the cost to the extent it does not exceed $123,632. The Parties have jointly determined this amount will be sufficient to provide for full and proper payment to each of the Additional Participants.

5. Except as specifically identified above, all of the other terms and conditions of the Parties' Original Settlement Agreement remain valid and are binding with respect to the obligations described above. All Additional Participants who do not timely opt out will be bound by the same release of claims described in the Original Settlement Agreement. To the extent that any of the payments to the Additional Participants are unclaimed after 120 days, those payments will be sent to The Homer Fund as the cy pres beneficiary.

(Mot. at 2-3.)

The Court finds that the Parties' proposal is largely acceptable. First, the proposed amendment is consistent with the Settlement Agreement, which allows for mutually-agreed-upon "technical and process amendments or modifications" that are consistent with the Court's Order Approving the Settlement Agreement, and "do not limit any substantive rights of the Settlement Class." (Dkt. No. 147 at ¶ 14.) Second, the Court retained jurisdiction over the Settlement Agreement, to allow for these sorts of requests. (Id. ¶ 12.) Third, the Court finds that the five

1    requested steps are an appropriate method of giving notice to and including the "Additional

2    Participants" in the settlement. However, the Court wishes to ensure that the "Additional

3    Participants" are given an express right to challenge the Settlement Agreement itself. That same

4    substantive right was afforded to the Settlement Class Members and under the terms of the

5    Settlement Agreement, they must be given that same substantive right. (See Dkt. No. 147 at ¶

6    14.)

7         The Court therefore ADOPTS the five-pointed proposal the Parties have submitted,

8    subject to the following: (1) the Court further requires the Parties to provide all "Additional

9    Participants" with information as to how to object to the Settlement Agreement consistent with

10   the previously-approved notices; (2) the notice to the "Additional Participants" shall indicate that

11   any objections to the Settlement Agreement must be filed with or mailed to the Court within 90

12   days of the date the notices are sent; (3) the notice to the "Additional Participants" shall also

13   indicate that any request to opt out of the Settlement must be mailed to the Administrator within

14   90 days of the date the notices are sent out, on the same terms specified in the original notice the

15   Court approved (see, e.g., Dkt. No. 136-2 at 8); (4) any funds remaining after the "Additional

16   Participants" are paid may only be sent to the Homer Fund after the Parties file a notice with the

17   Court of the amount unclaimed and the Court approves the payment; and (5) the notice to the

18   Court regarding the excess funds must be delivered within 30 days of the date the Administrator

19   completes payment to the "Additional Participants."

20        The clerk is ordered to provide copies of this order to all counsel.

21        Dated April 2, 2024.

22

23                                           Marsha J. Pechman
                                            United States Senior District Judge

24